UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JUAN A. GONZALES,                            )
                                             )
                Petitioner,                  )
                                             )
        v.                                   )        CAUSE NO. 3:14-CV-440 WL
                                             )
SUPERINTENDENT,                              )
                                             )
                Respondent.                  )

OPINION AND ORDER

Juan A. Gonzales, a *pro se* prisoner, filed a petition under 28 U.S.C. § 2254 challenging

his 2002 drug conviction in Lake County, Indiana. (DE 1.) The court is obligated to review the

petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the

petitioner is not entitled to relief . . . ." RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

According to the petition, Gonzales was convicted by a jury of dealing in cocaine and on

November 21, 2002, was sentenced to 30 years in prison. (DE 1 at 1.) He later pursued a belated

direct appeal, but his appeal was denied on June 10, 2009. (*Id.* at 2.) He did not seek review in

the Indiana Supreme Court. (*Id.*) In December 2010, Gonzales filed a state petition for post-

conviction relief. (*Id.* at 3.) Following an evidentiary hearing, his petition was denied. (*Id.*) The

Indiana Court of Appeals affirmed the denial of post-conviction relief on June 13, 2013. (*Id.* at

5.) He attempted to file a petition to transfer to the Indiana Supreme Court, but his petition was

returned to him unfiled due to numerous deficiencies. *See Gonzales v. Indiana*, No. 45A03-1210-

PC-421 (Ind. order dated July 19, 2013.) He later sought leave to file a belated petition to

transfer, but his request was denied. *Id.* (order dated Feb. 19, 2014).

On March 6, 2014, Gonzales tendered his federal petition to prison officials for mailing. (DE 1 at 11.) He raises the following claims: (1) the trial court erred in admitting certain hearsay testimony; (2) his Fourth Amendment rights were violated in connection with an illegal search; and (3) his sentence was excessive. (DE 1 at 5-7.)

Gonzales's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, habeas petitions are subject to a one-year statute of limitations, set forth as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Upon review, Gonzales's claims do not implicate newly discovered evidence or a newly recognized constitutional right, nor does he claim that a state-created impediment prevented him from filing his federal petition on time. Accordingly, the provisions of 28 U.S.C. § 2244(d)(1)(A) apply. The Indiana Court of Appeals denied his direct appeal in June 2009, and he did not seek further review. Thus, his conviction became final when the time for seeking review in the Indiana Supreme Court expired in July 2009. *See* IND. APP. R. 57(C)(1) (petition to transfer to Indiana Supreme Court must be filed within 30 days of appellate court judgment); *Gonzalez v. Thaler*, 132 S. Ct. 641, 655-56 (2012) (when a habeas petitioner does not complete all levels of state review, his conviction becomes final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for seeking further review expires).

Gonzales had one year from that date, or until July 2010, to file a timely federal petition, absent any period of tolling. He did not do so, and instead waited until December 2010 to file a state post-conviction petition. By the time he filed his state petition, the federal deadline had already expired. The state court's subsequent denial of post-conviction relief did not "restart" the federal clock, nor did it "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Accordingly, the petition was filed beyond the one-year deadline.[1] When asked to explain why his petition is timely, Gonzales states: "The year period of limitation have not passed since the petitioner have exhausted every remedy in the Court of the State of Indiana, District Court, Appeals Court and Supreme Court mean while the petitioner is incarcerated." (*See* DE 1 at 10.) Although it is not entirely clear, he appears to believe the

---

[1]   As noted above, the petitioner failed to perfect a petition to transfer with the Indiana Supreme Court after the Indiana Court of Appeals affirmed the denial of post-conviction relief in June 2013. An additional nine months elapsed between June 2013 and March 2014, when he filed his federal petition. He would not be entitled to tolling during this period since he did not have a properly filed state collateral attack pending. *See* 28 U.S.C. § 2254(d)(2).

petition is timely because it was filed within one year of the date the post-conviction proceedings came to a conclusion. As outlined above, however, the one-year deadline ran from the date his conviction became final in 2009. Based on the above, the petition must be dismissed.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). As is fully explained above, the petition was not timely filed. Nothing before the court suggests that jurists of reason could debate the correctness of this procedural ruling or find a reason to encourage Gonzales to proceed further. Accordingly, the court declines to issue him a certificate of appealability.

For these reasons, the petition (DE 1) is DISMISSED WITH PREJUDICE pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, and the petitioner is DENIED a certificate of appealability. The petitioner's motion for leave to proceed *in forma pauperis* (DE 3) is DENIED as moot.

SO ORDERED.

ENTERED: March 11, 2014                     s/William C. Lee
                                           William C. Lee, Judge
                                           United States District Court

4